R. J. Moses, Chappell & Russell, for plaintiff in error.
H. L. Benning, for defendant.

---

L. EDGARTON, ROGERS & HATCH, plaintiffs in error, *v.* JOHN N. WEBB & CO., defendants in error.

(Atlanta, June Term, 1870.)

MOTION TO DISMISS WRIT OF ERROR—MOTION TO RE-MOVE CAUSE—PRECEDENCE.—A motion to dismiss the writ of error, takes precedence of one to remove the cause to the United States Courts. .(R.)

REMOVAL OF CAUSES—JURISDICTION—ORDER FOR REMOVAL UPON TERMS.—If it be questionable whether the United States District Court will take jurisdiction of the cause to be removed from this Court, the order for removal will be upon terms that if the United States Court refuses to take jurisdiction, the judgment below shall stand affirmed. (R.)

SAME—DISMISSAL OF WRIT OF ERROR PREVENTED—ORDER FOR REMOVAL—REVOCATION OF ORDER.—When the dismissal of the writ of error had been prevented by a statement of counsel as to diligence, and the cause was then ordered to be re-

---

*A printed copy of this rule had been by the reporter mailed to every clerk in the State before its publication in 39th Georgia Report. (R.)

moved to the United States Court, counsel for plaintiff in error, by calling attention to the fact that he had perhaps committed an error in his statement, was allowed to have the order of removal revoked, and his cause withdrawn. (R.)

418        *Practice. Supreme Court. Assumpsit from Muscogee
           County. November Term, 1869.

The bill of exceptions was filed below on the 2d of April, 1870, the record was not certified till the 19th of April, 1870, and did not reach this Court till the 13th of May, 1870. Before the calling of the case, mandamus was sued out against the Clerk, calling on him to show cause why he did not send up the record sooner.

When the cause was called (on the 21st of June, 1870,) for a hearing, counsel for defendants in error moved to dismiss it, because it had not been sent up within the time prescribed by the rule. Counsel for plaintiff in error presented a petition, in due form, for the removal of the cause to the United States Circuit Court, and insisted that it had precedence of the motion to dismiss. The Court held that the motion to dismiss was first in order. Counsel for plaintiff in error then made affidavit touching his diligence in the premises, showing that it was the fault of the Clerk below that the cause did not come here in time, and thereupon the motion to dismiss was overruled.

In reply to the motion to remove the cause to the United States Circuit Court, counsel for defendant in error contended that the matter in dispute was not within the jurisdiction of the United States Court. Without passing upon that point, this Court ordered the cause to be removed to the United States Court, upon the express terms that if that Court refused jurisdiction of the cause, the judgment below should stand affirmed. This was done because the cause must be, at this term, finally disposed of here, unless providential cause prevents. At the same time the Court had a rule issued against the Clerk below, calling on him to show cause why he should not be punished for having told said counsel for plaintiff in error, before the time was out, that he had sent up said record, when he had not.

On the 25th of June, counsel for plaintiff in error appeared in Court, and stated, that he was informed that the
419     *Clerk said he (counsel) was mistaken as to a statement
        in his affidavit, that he was satisfied that the Clerk meant no contempt, etc., and asked that the rule against the Clerk below be discharged, that the order for removal be set aside, and that he have leave to withdraw the record of the cause, and thus leave the judgment of the Court below affirmed. This was allowed.

R. J. Moses, for plaintiff in error.
Ingram & Craford, for defendant.